Roberto **FERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38404.

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

Marvin Foster (on appeal only), Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary with two prior felony convictions alleged for enhancement; the punishment, life.

The sole question presented for review is the sufficiency of the evidence to corroborate the testimony of the witnesses Sendejo and Mendoza, who were both under indictment for the offense in question, and who the Court instructed the jury were accomplice witnesses. Their testimony was that the offense occurred in the afternoon. One set the time at 3:00 and the other at 3:30. The witness Diaz testified that he arrived at the scene and saw a man walking away from the tavern carrying a case of beer which he put down when the witness called to him. He was unable to identify appellant as being the man in question. He testified that he remained at the tavern some 30 minutes until he was able to get word to the tavern operator, Nava, and that thereafter Nava and the police arrived. Nava testified that he was notified about the burglary at 3:00 p. m.

Other than the accomplices, the only witness who placed appellant anywhere near the tavern was the beer salesman, Cadriel, who stated that he saw appellant and accomplice Sendejo outside the tavern at 10:30 a. m. on the day in question.

The State was able to corroborate the accomplices as to several of their other activities during the day, but was unable to corroborate their testimony so as to put appellant at the scene at the time all the State's witnesses testified that the tavern was burglarized, and the case of beer taken.

Under the rule announced in Alexander v. State, 160 Tex.Cr.R. 460, 274 S.W.2d 81, and Dalrymple v. State, Tex.Cr.App., 366 S.W.2d 576, we find the evidence insufficient to corroborate the accomplice witnesses.

We do not agree with the State that appellant's attempt to get two witnesses to testify that they had seen him at a certain location on the day in question constitutes a declaration sufficient to corroborate the testimony of the accomplice witnesses and which tends to connect the appellant with the offense committed.

The judgment is reversed and the cause is remanded.